IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-271-F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ROSALINDA ZAMORA-CEDILLOS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Department of Homeland Security. Defendant presented the testimony of the proposed third-party custodian, a friend of hers. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required. The government's motion is therefore GRANTED.

### Background

Defendant was charged in a five-count indictment on 12 November 2014 with: false representation of a Social Security account number on or about 18 February 2010 in violation of 42 U.S.C. § 408(a)(7)(B) (ct. 1); fraud and related activity in connection with identification documents, authentication features, and information on or about 18 February 2010 in violation of 18 U.S.C. § 1028(a)(7) and (b)(1)(D) (ct. 2); false claim of citizenship with intent to engage unlawfully in employment in the United States on or about 9 March 2013 in violation of 18

U.S.C. § 1015(e) (ct. 3); fraud and misuse of visas, permits, and other documents on or about 16 October 2014 in violation of 18 U.S.C. § 1546(a) (ct. 4); and eluding examination and inspection by immigration officers from at least sometime in 2005 and continuously thereafter up through and including on or about 16 October 2014 in violation of 8 U.S.C. § 1325(a)(2) (ct. 5).

The evidence presented at the hearing showed that defendant, a citizen of El Salvador, entered the United States illegally in Texas in April 2005; was apprehended by immigration authorities and given notice of removal proceedings against her; and was released pending further removal proceedings. She failed to appear for the subsequent proceedings and was ordered deported in July 2005. In the meantime, defendant had travelled to Virginia and, after living there a short time, moved to North Carolina, where she has resided since 2005. In that year, she attempted to obtain an identification card from the North Carolina DMV using false identifying information that she knew was that of another person. She had purchased the identifying information and related documents from a woman she had met. DMV already had records for a person with the identifying information defendant presented and it refused to issue her an identification card.

On or about 18 February 2010, defendant returned to the North Carolina DMV presenting a South Carolina identification card under another name. She knew the name and associated identifying information, including a Social Security number, belonged to an actual person. She obtained a North Carolina identification card under this second alias. She later obtained a North Carolina driver's license under the same name.

On or about 9 March 2013, defendant completed an I-9 form to obtain employment in the Raleigh area, using the identification information in her North Carolina identification card and falsely representing herself to be a United States citizen. On 16 October 2014, immigration

officials conducted a consensual search of defendant's residence. It yielded a fraudulent alien registration receipt card in the name of the second alias she had adopted. In an interview conducted in connection with the search, defendant admitted to her illegal entry into the United States; use of the two aliases; and being subject to a removal order. She also denied fear of persecution if returned to El Salvador, although the proposed third-party custodian stated that defendant had told her that she had such fear when they met in 2005.

Defendant reports having two children, both born in the United States. Her counsel argued that defendant would do anything to remain in the United States and stay with her children.

## **Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the circumstances of the alleged offenses, including their association with her long-term, ongoing disregard of removal proceedings against her and fraudulent use of identifying information of other persons; the pendency of an ICE detainer against defendant; the prospect defendant faces of removal from the United States after service of a term of imprisonment; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's acquiescence for years in defendant's unlawful presence in the United States and limited familiarity with defendant (she sees her only at church services), and the extent of the risk of flight presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as a motion filed by defendant to challenge the removal action against her, the President's recently announced program with

respect to illegal immigrants, and defendant's lack of any criminal convictions (in addition to the instant charges, there are seemingly related state charges pending).  It finds, however, that the factors favoring detention outweigh such evidence.  With respect to the removal action and the President's program, there is necessarily uncertainty that they will result in defendant obtaining lawful status in the United States.  Her use of aliases and related conduct since her entry into the United States over nine years ago strongly suggests that if she does not obtain the results she seeks through legal process she will disregard legal requirements, including any conditions this court could impose, to remain in the United States.  Her lack of any criminal convictions does not convincingly show her respect for the law in light of her extensive disregard of legal requirements to facilitate her staying in the United States.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of December 2014.

_____
James E. Gates
United States Magistrate Judge